UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-81225-CIV-HURLEY/HOPKINS

JONATHAN E. PERLMAN,

    Plaintiff,

v.

FIVE CORNERS INVESTORS I, LLC, et al.,

    Defendants.

_____/

### ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS

**THIS CAUSE** comes before the court upon the motions to dismiss of defendants Five Corners Investors I, LLC, Five Corners Investors II, LLC, and BW Aspire, LLC [DE # 4, 5]. For the reasons given below, the court will deny the motions.

#### BACKGROUND

This case relates to an alleged Ponzi scheme that defrauded thousands of investors of over $60 million. The court appointed Jonathan E. Perlman as Receiver in another case now pending before the court, an enforcement action initiated by the Securities and Exchange Commission. *See SEC v. Creative Capital Consortium, LLC*, Case No. 08-81565-CIV-HURLEY/HOPKINS. The receivership established in that case includes the following entities, each of which is alleged to have been controlled by George Theodule ("Theodule"), the alleged mastermind of the Ponzi scheme: Creative Capital Consortium, LLC ("Creative Capital"); A Creative Capital Concept$, LLC; United Investment Club, LLC; and Reverse Auto Loan, LLC (collectively, the "Receivership Entities"). *See* Case No. 08-81565, DE # 8, 14. The order establishing the receivership specifically authorizes the Receiver to initiate litigation on behalf of

the Receivership Entities in order to preserve and maintain their assets for the benefit of investors and creditors. *See* Case No. 08-81565, DE # 8 ¶ 2.

The Receiver's complaint in this case alleges that Theodule, using money acquired by fraud from investors and creditors, formed a company named Dolce Regency, LLC, later renamed Dolce Regency Suites, LLC, ("Dolce Regency") for the purpose of investing in real estate. Some months later, Theodule found a mixed-use, hotel-condominium real estate development project in Orlando, Florida named Regency Suites, owned by Regency Suites I, LLC ("Regency Suites"). Theodule, acting through Dolce Regency, agreed to purchase Regency Suites from defendants for a sum of money and a promissory note. Pursuant to the agreement, on August 13, 2008, Creative Capital transferred $7 million to an escrow account for distribution to defendants, which in turn used the money to pay the outstanding financial obligations of Regency Suites. Further, Dolce Regency executed and delivered a promissory note for the benefit of defendants in the amount of $7,754,759.40. The complaint does not allege that Defendant knew about or participated in the Ponzi scheme.

Based on these allegations, the Receiver asserts claims to avoid and recover fraudulent transfers pursuant to Florida's Uniform Fraudulent Transfer Act, Fla. Stat. § 726.101, *et seq.* (Counts I and II), for unjust enrichment (Count III), and for imposition of constructive trust or equitable lien (Count IV).

## JURISDICTION

The court has subject-matter jurisdiction over the state-law claims asserted in the amended complaint pursuant to 28 U.S.C. § 1367 because they are ancillary to the SEC enforcement action brought in Case No. 08-81565, over which this court has jurisdiction

2

pursuant to 28 U.S.C. § 1331.  *See Peacock v. Thomas*, 516 U.S. 349, 356 (1996); *Donell v. Kowell*, 533 F.3d 762, 769 (9th Cir. 2008).

Venue is proper in this district pursuant to 28 U.S.C. § 754.  *See SEC v. Bilzerian*, 378 F.3d 1100, 1107 (D.C. Cir. 2004); *Scholes v. Lehmann*, 56 F.3d 750, 753 (7th Cir.1995).

## DISCUSSION

### A.  *Standard on Motion to Dismiss*

Granting a motion to dismiss is appropriate when a complaint contains simply "a formulaic recitation of the elements of a cause of action." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  To survive a motion to dismiss, a complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence" in support of the claim and that plausibly suggest relief is appropriate.  *Id.*  On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true.  *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Wright v. Newsome,* 795 F.2d 964, 967 (11th Cir. 1986).  Mere conclusory allegations, however, are not entitled to be assumed as true upon a motion to dismiss.  *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1951 (2009).  The threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim upon which relief can be granted. *See Ancata v. Prison Health Servs., Inc.,* 769 F.2d 700, 703 (11th Cir. 1985).  Regardless of the alleged facts, a court may dismiss a complaint on a dispositive issue of law.  *See Marshall County Bd. Of Educ. v. Marshall County Gas Dist.,* 992 F.2d 1171, 1174 (11th Cir. 1993).

### B.     *Defendants' Motion to Dismiss*

#### 1.     *Receiver has Standing*

Defendants contend that the Receiver lacks standing under Florida's Uniform Fraudulent Transfer Act ("FUFTA"). FUFTA was adopted to prevent an insolvent debtor from transferring assets away from creditors when the debtor's intent is to hinder, delay, or defraud any of its creditors. *See* Fla. Stat. § 726.105(1). To establish a cause of action, the plaintiff must allege 1) there was a creditor sought to be defrauded, 2) a debtor intending fraud, and 3) a conveyance of property which could have been available to satisfy the debt. *Nationsbank, N.A. v. Coastal Utils. Inc.*, 814 So.2d 1227, 1229 (Fla. 4th DCA 2002).

The complaint in this case asserts two counts under FUFTA, each count alleging different creditor-debtor relationships among the parties involved in the transfers. In Count I, the Receiver alleges that the Receivership Entities were creditors for the purpose of FUFTA and that Dolce Regency was a debtor. In Count II, the Receiver alleges that A Creative Capital Concept$, United Investment Club, and Reverse Auto Loan were creditors for the purpose of FUFTA and that Creative Capital was a debtor.

Defendants maintain that the Receiver lacks standing to pursue either FUFTA count. More specifically, defendants argue that Count I should be dismissed because the Receiver, having pled that Dolce Regency is a subsidiary of Creative Capital, has submitted no evidence showing that the alleged transfer from Creative Capital to Dolce Regency was anything more than a capital contribution from a parent company to its subsidiary. This argument must be rejected for two reasons. First, viewing the complaint in the light most favorable to the Receiver as the nonmoving party, the court cannot agree that the complaint alleges that Dolce

Regency is a subsidiary of Creative Capital. Instead, the complaint seemingly alleges that Dolce Regency, although formed in Theodule's name, was really owned by the creditors who invested in the Receivership Entities. Second, the court is required to accept all well-pled allegation as true on a motion to dismiss. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1948 (2009). Thus, even if the complaint made such an allegation, the court is required to accept as true the Receiver's allegation that the transfer was fraudulent, and not merely a capital contribution to a subsidiary.

As to Count II, defendants argue that the Receiver, "standing in the shoes of Creative Capital, may not avoid a fraudulent transfer made by Creative Capital." Technically, this is true, *see Freeman v. Dean Witter Reynolds, Inc.,* 865 So.2d 543, 550 (Fla. 2d DCA 2003) (receiver may only pursue such claims on behalf of only the receivership entities that qualify as creditors), but this argument is based on a mistaken construction of the complaint. The Receiver does not attempt to stand in the shoes of Creative Capital in Count II. On the contrary, Count II asserts standing through the other Receivership Entities, who are creditors under this alleged arrangement. *See Compl.* ¶ 71 ("As a result of investment made by A Creative Capital Concept$, LLC, United Investment Club, LLC and Reverse Auto Loan, LLC (the three Receivership Entities other than Creative Capital Consortium, LLC) into Creative Capital Constortium, LLC, and the claims of those three Receivership Entities created in connection therewith, the Receiver standing in the shoes of the Receivership Entities is a 'creditor' of Creative Capital, as defined by" FUFTA.).

### 2.   *Knowledge of the Ponzi Scheme is not Required*

Defendants argue that the entire complaint should be dismissed because the Receiver failed to allege that defendants knew about or participated in the Ponzi Scheme. Defendants contend that "as a matter of law, no cause of action arises against defendants pursuant to

5

Chapter 726, Florida Statues, merely because they sold their membership interest in Regency Suites to Dolce Regency." This argument, however, is belied by FUFTA's statutory scheme. Under FUFTA, a creditor (plaintiff) may set aside a debtor's (Creative Capital's or Dolce Regency's) transfer of assets to third parties (defendants) "if the debtor made the transfer or incurred the obligation" intending to "hinder, delay, or defraud any creditor of the debor." *Id*. This statutory language makes clear that the debtor's – not the third transferee's – intent controls the determination whether a transfer was fraudulent for the purpose of FUFTA.

However, just because a transfer made or obligation incurred was fraudulent as to a creditor does not mean the transfer is voidable. FUFTA sets forth a "good faith" defense, which holds that "[a] transfer or obligation is not voidable under . . . against a person who took in good faith and for a reasonably equivalent value or against any subsequent transferee or obligee." Fla. Stat. § 726.109(1); *see Wiand v. Waxenberg*, 611 F.Supp.2d 1299, 1319 (M.D. Fla. 2009). Here, to the extent defendants mean to argue "good faith," the court notes that good faith is an affirmative defense, the burden of which is on defendants to prove. *See Wiand*, 611 F.Supp.2d at 1319. Defendants have not carried this burden.

### 3. *Heightened Pleading Standard does not Apply*

Defendants contend that the complaint fails to plead fraud with specificity, as required by Fed. R. Civ. P. 9(b). Rule 9(b) provides, in relevant part, that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." To comply with Rule 9(b)'s heightened pleading standard, the plaintiff must plead the who, what, when, where and how of the alleged fraud. *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230 (11th Cir. 2008).

6

A fraudulent transfer claim, however, is different than the fraud claims to which Rule 9(a) would normally apply. In a common-law fraud claim, the defendant is alleged to have made false statements or material omissions to the plaintiff, who is in a position to plead those statements or omissions with specificity. *See Steinberg v. A. Analyst ltd.*, 2009 WL 806780, *12 (S.D. Fla. Mar. 26, 2009). A fraudulent-transfer claim, by contrast, involves a third-party defendant who has no relationship with the plaintiff, and thus the plaintiff usually has insufficient information to plead its claim with specificity. *Id.* As a result, Rule 9(b)'s heightened pleading standard does not apply to claims brought under FUFTA. *Id.*; *see also Gulf Coast Produce, Inc. v. American Growers, Inc.*, 2008 WL 660100, *6 (S.D. Fla. Mar. 7, 2008); *Wing v. Horn*, 2009 WL 2843342, *3-4 (D. Utah Aug. 28, 2009) (applying Utah's fraudulent transfer act); *Nesco, Inc. v. Cisco,* 2005 WL 2493353, *3 (S.D. Ga. Oct. 7, 2005) (applying Georgia's fraudulent transfer act).

Even if the court were to conclude that the fraudulent-transfer claim must be pled with specificity, the Receiver's complaint would satisfy that requirement, because the Receiver has notified defendants of their alleged role in the fraudulent transfers. *See Curtis Investment Co. v. Bayerische Hypo-Und Vereinsbank, AG*, 2009 WL 2391409, *5 (11th Cir. Aug. 5, 2009). The Receiver's complaint provides a brief history of the alleged Ponzi scheme, and alleges the exact dates on which the alleged fraudulent transfers occurred, the amount of money involved in each transfer, and the escrow account to which the money was transferred. Accordingly, the Receiver has satisfied both the notice and heightened pleading requirements of the Federal Rules of Civil Procedure.

    4.  *Defendants Received Benefit from the Alleged Transfers*

FUFTA allows a judgment to be entered against "[t]he first transferee of the asset or the person for whose benefit the transfer was made." Fla. Stat. § 726.109(2)(a). Defendants argue

7

Case 9:09-cv-81225-DTKH   Document 34   Entered on FLSD Docket 03/15/2010   Page 8 of 8

Order Denying Motions to Dismiss
Perlman v. Five Corners Investors 1, LLC, et al.
Case No. 09-81225-CIV-HURLEY-HOPKINS

that judgment against them is inappropriate under the circumstances of this case, because they were not the first transferee of assets and the money transferred to pay off the debt of Regency Suites benefitted only Dolce Regency, the purchaser of the Regency Suites. The court disagrees. The complaint alleges that defendants received the benefit of having their financial obligations related to Regency Suites extinguished. *Cf. In Re Int'l Mgmt Assoc.*, 399 F.3d 1288, 1292-93 (11th Cir. 2005) ("The paradigm case of a benefit under § 550(a) [of the Bankruptcy Code] is the benefit to a guarantor by the payment of the underlying debt of the debtor.").

5.      *Promissory Notes Constitutes Res*

Lastly, defendants argue that the Receiver's claim for equitable lien or constructive trust should be dismissed, because they possess no *res* upon which a lien or trust could be impressed. In response, the Receiver identifies the *res*: the $7,754,759.40 promissory note issued to defendants by Dolce Regency. The court is unaware of any reason why a constructive trust or equitable lien cannot be placed on a promissory note.

### CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that:

1. The motions to dismiss of defendants Five Corners Investors I, LLC, Five Corners Investors II, LLC, and BW Aspire, LLC [DE # 4, 5] are **DENIED**.

**DONE** and **ORDERED** in Chambers in West Palm Beach, Florida, this 15th day of March, 2010.

_____
Daniel T. K. Hurley
U.S. District Judge